**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PATRICIA ANN LORENZ,

              Plaintiff,

      v.

TISHMAN CONSTRUCTION CORP. and
AECOM,

              Defendants.

---

Case No. 17-cv-9000-PAE-DCF

ECF Case

**DEFENDANTS' ANSWER AND
AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFF'S
COMPLAINT**

Defendant Tishman Construction Corporation ("Tishman") and Defendant AECOM

Technology Services, Inc. ("AECOM") ("Defendants") by and through their undersigned

attorneys, state as follows for their response to Plaintiff's Employment Discrimination

Complaint:

## AS TO "PARTIES"

1.     Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in Paragraph 1 (Section I(A)) of the Employment

Discrimination Complaint.

2.     Defendants deny the allegations set forth in Paragraph 2 (Section I(B)) of the

Employment Discrimination Complaint, except admit that Tishman may be served at 100 Park

Avenue, New York, New York, 10017, but deny that Tishman was served in this matter.

Defendants admit that AECOM may be served at 555 Flower Street Suite 3700, Los Angeles,

California, 90071, but deny that AECOM was served in this matter and further deny that Plaintiff

was employed by AECOM.

## AS TO "PLACE OF EMPLOYMENT"

3.     Defendants admit the allegations set forth in Paragraph 3 (Section II) of the Employment Discrimination Complaint, but deny that Plaintiff was employed by AECOM.

## AS TO "CAUSE OF ACTION"

4.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 (Section III(A)) of the Employment Discrimination Complaint, except admit that Plaintiff purports to bring sexual harassment claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964 as alleged in Paragraph 4, and deny that Plaintiff was employed by AECOM.

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 (Section III(B)) of the Employment Discrimination Complaint, except admit that Plaintiff purports to bring employment discrimination claims under the New York State Human Rights Law and New York City Human Rights Law as alleged in Paragraph 5, and deny that Plaintiff was employed by AECOM.

## AS TO "STATEMENT OF CLAIM"

6.     Defendants deny the allegations set forth in Paragraph 6 (Section IV(A)) of the Employment Discrimination Complaint, and further deny that Plaintiff was employed by AECOM.

## AS TO "FACTS"

7.     Defendants admit the allegations set forth in the first paragraph of Plaintiff's Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission,

bearing Charge No. 520-2014-00881 and attached to the Employment Discrimination Complaint ("EEOC Charge"), except deny that Plaintiff was employed by AECOM and deny that Tishman Construction Corp. of New York has been named as a defendant in this action.

8.      Defendants deny the allegations set forth in the second paragraph of the EEOC Charge, except admit that Tishman is one of the world's leading builders, admit that Tishman provides a wide range of construction and construction related services, including for iconic projects such as rebuilding ground zero.  Defendants deny that Plaintiff was employed by AECOM.

9.      Defendants deny the allegations set forth in the third paragraph of the EEOC Charge, except admit that Plaintiff was a member of a union known as International Union of Operating Engineers Local 14-14B.  Defendants deny that Plaintiff was employed by AECOM.

10.      Defendants deny the allegations set forth in the fourth paragraph of the EEOC Charge, except admit that Plaintiff was an Operating Engineer, and admit that her duties and responsibilities included operating an elevator car that transported workers and materials up and down buildings.  Defendants deny that Plaintiff was employed by AECOM.

11.      Defendants deny the allegations set forth in the fifth paragraph of the EEOC Charge, and further deny that Plaintiff was employed by AECOM.

12.      Defendants deny the allegations set forth in the sixth paragraph of the EEOC Charge.

13.      Defendants deny the allegations set forth in the seventh paragraph of the EEOC Charge.

14.     Defendants deny the allegations set forth in the eighth paragraph of the EEOC
Charge, except admit that in March 2011, another worker wrote the phrase "I Love (depicted
with a heart) cock" on Plaintiff's jacket, but deny knowledge or information sufficient to form a
belief as to whether Plaintiff's jacket was a "brand new union safety jacket."

15.     Defendants deny the allegations set forth in the ninth paragraph of the EEOC
Charge, except Defendants admit that Plaintiff advised Kenny Klemens, Mike Pinelli and
Tishman's HR representative of what occurred with the jacket, and deny knowledge or
information sufficient to form a belief as to who "took" the jacket from Plaintiff or whether it
was taken.

16.     Defendants deny the allegations set forth in the tenth paragraph of the EEOC
Charge except deny knowledge or information sufficient to form a belief as to what may have
been told to Kenny Klemens.

17.     Defendants deny the allegations set forth in the eleventh paragraph of the EEOC
Charge, and further deny that Plaintiff was employed by AECOM.

18.     Defendants deny the allegations set forth in the twelfth paragraph of the EEOC
Charge.

19.     Defendants deny the allegations set forth in the thirteenth paragraph of the EEOC
Charge.

20.     Defendants deny the allegations set forth in the fourteenth paragraph of the EEOC
Charge.

21.     Defendants deny the allegations set forth in the fifteenth paragraph of the EEOC Charge, except Defendants neither admit nor deny Plaintiff's description of the "various media reports" and respectfully direct the Court to such reports to the extent they exist for the truth of their contents.

22.     Defendants deny the allegations set forth in the sixteenth paragraph of the EEOC Charge, and further deny that Plaintiff was employed by AECOM.

23.     Defendants deny the allegations set forth in the seventeenth paragraph of the EEOC Charge.

24.     Defendants deny the allegations set forth in the eighteenth paragraph of the EEOC Charge, except deny knowledge or information sufficient to form a belief as to what the substance of Plaintiff's "belief," and Defendants further deny Plaintiff was employed by AECOM.

25.     Defendants deny the allegations set forth in the nineteenth paragraph of the EEOC Charge.

26.     Defendants deny the allegations set forth in the twentieth paragraph of the EEOC Charge.

27.     Defendants deny the allegations set forth in the twenty-first paragraph of the EEOC Charge.

28.     Defendants deny the allegations set forth in the twenty-second paragraph of the EEOC Charge.

29.     Defendants deny the allegations set forth in the twenty-third paragraph of the EEOC Charge, except admit that Plaintiff was unable to exit the women's bathroom for two minutes.

30.     Defendants deny the allegations set forth in the twenty-fourth paragraph of the EEOC Charge, except admit that Plaintiff met with HR Representatives on July 1, 2013, and further admit that two dead rats were found but aver the rats were on the external surface of Plaintiff's evaluator hoist.  Defendants deny that Plaintiff was employed by AECOM.

31.     Defendants deny the allegations set forth in the twenty-fifth paragraph of the EEOC Charge, except admit that on June 26, 2013, Plaintiff's backpack was moved, admit that Plaintiff represented she filed a report with the Port Authority Police and further admit that Plaintiff represented that on June 26, 2013 the shanty door was glued shut.

32.     Defendants deny the allegations set forth in the twenty-sixth paragraph of the EEOC Charge, except admit that Plaintiff advised Tishman's HR Representatives that a man made a gesture with a knife.  Defendants deny knowledge or information sufficient to form a belief of what Plaintiff may be "unaware" and deny that Plaintiff was employed by AECOM.

33.     Defendants deny the allegations set forth in the twenty-seventh paragraph of the EEOC Charge, except deny knowledge or information sufficient to form a belief as to what rumors Plaintiff may have heard.

34.     Defendants deny the allegations set forth in the twenty-eighth paragraph of the EEOC Charge, except Defendants admit Plaintiff was on leave at the time she filed the EEOC

Charge, and deny knowledge or information sufficient to form a belief as to when Plaintiff was "scheduled" to return to work, her reason for leave, or what Plaintiff may "fear."

35.     Defendants deny the allegations set forth in the twenty-ninth paragraph of the EEOC Charge, except deny knowledge or information sufficient to form a belief as to what Plaintiff "charges," and further deny that Plaintiff was employed by AECOM.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first paragraph of Plaintiff's Supplement to the EEOC Charge of Patricia Lorenz ("Supplemental EEOC Charge"), except admit the EEOC Charge is dated January 9, 2014 and bears Charge No. 520-2014-00881, admit that on January 9, 2014 Plaintiff was on leave, and further deny that Plaintiff was employed by AECOM.

37.     Defendants deny the allegations set forth in the second paragraph of the Supplemental EEOC Charge, except admit that by January 2014, external elevator hoists were not operating at Plaintiff's jobsite, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the substance of Plaintiff's communications with her union.

38.     Defendants deny the allegations set forth in the third paragraph of the Supplemental EEOC Charge.

39.     Defendants deny the allegations set forth in the fourth paragraph of the Supplemental EEOC Charge, except admit that Plaintiff sought to supplement her EEOC Charge as alleged in the fourth paragraph of the Supplemental EEOC Charge. Defendants further deny that Plaintiff was employed by AECOM.

## AS TO "ADMINISTRATIVE PROCEDURES"

40.     Defendants neither admit nor deny the allegations set forth in Paragraph 7 (Section V) of the Employment Discrimination Complaint, and instead direct the Court to the relevant documents for their truth of their content.

## AS TO "RELIEF"

41.     Defendants deny the allegations set forth in Paragraph 8 (Section VI) of the Employment Discrimination Complaint, except admit that Plaintiff seeks relief as set out in Paragraph 8.

## AS TO "PLAINTIFF'S CERTIFICATION"

42.     Defendants deny the allegations set forth in Paragraph 9 (Section VII) of the Employment Discrimination Complaint, except admit that Plaintiff signed the Plaintiff's Certification and represented she has read the Pro Se Consent to Receive Documents Electronically.

## GENERAL DENIAL

Defendants deny each and every allegation asserted by Plaintiff not specifically admitted herein.

## AS AND FOR DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they otherwise do not have as a matter of law, Defendants assert the following affirmative and other defenses.  Defendants reserve the right to plead any additional affirmative and other defenses as they become known during the pendency of this action:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants did not discriminate against Plaintiff on the basis of her gender or disability, or any other protected category, did not harass or sexually harass Plaintiff, and did not unlawfully retaliate against Plaintiff.

## THIRD DEFENSE

Plaintiff cannot set forth a *prima facie* case of discrimination, harassment, or retaliation.

## FOURTH DEFENSE

Plaintiff cannot establish that Defendants' legitimate reasons for any employment decisions that she challenges were a pretext for discrimination or retaliation.

## FIFTH DEFENSE

Plaintiff's claims are not actionable because Defendants' decisions, actions, and/or omissions challenged in the Complaint were based upon legitimate, non-discriminatory, and/or non-retaliatory business reasons.

## SIXTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that she seeks because they are not authorized under the United States Constitution, New York State Constitution, and/or by the statute(s) or legal theories under which her claims are asserted.

## SEVENTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because Defendants exercised reasonable care to prevent and promptly correct alleged discrimination or

harassment in the workplace, and Plaintiff unreasonably failed to promptly take advantage of the preventative and corrective opportunities provided or to avoid harm otherwise.

## EIGHTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because the conduct of which Plaintiff complains consists of nothing more than what a reasonable victim of discrimination would consider to be petty slights and/or trivial inconveniences.

## NINTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because Defendants did not know, nor should they reasonably have known, about the alleged discriminatory and/or harassing conduct; Defendants provided a reasonable avenue of complaint to Plaintiff; and/or Defendants did not became a party to the alleged discrimination and/or harassment by encouraging, condoning, or approving it.

## TENTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because the Defendants did not know, nor should have known, of any employees' or agents' alleged discriminatory conduct, and Defendants did not fail to take appropriate remedial action or to otherwise exercise reasonable diligence to prevent such discriminatory conduct.

## ELEVENTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because any

individuals who allegedly engaged in such discriminatory conduct were not employees or agents of Defendants.

## TWELFTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because any alleged employees or agents who allegedly engaged in such discriminatory conduct did not exercise managerial or supervisory responsibility.

## THIRTEENTH DEFENSE

Defendants cannot be held liable for any alleged discriminatory or harassing conduct purportedly experienced by Plaintiff (and Defendants deny such conduct occurred), because Defendants did not know, nor should they have known, of the alleged discriminatory and/or harassing conduct, Defendants did not acquiesce to the alleged discriminatory and/or harassing conduct and/or Defendants did not fail to take immediate and appropriate corrective action or fail to exercise reasonable diligence to prevent such discriminatory conduct.

## FOURTEENTH DEFENSE

Defendants, at all times and in all manners, acted in accordance with any and all duties and obligations that they may have had under the laws and regulations of the United States, the State of New York, the City of New York, or otherwise.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to satisfy the procedural conditions precedent to asserting such claims, including, without limitation, the requirement that a copy of her Complaint be served upon the New York City Commission on Human Rights and/or the New York City Corporation Counsel.

## SIXTEENTH DEFENSE

Defendants have established, implemented, and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with §8-107(13)(d) of Title 8 of the New York City Administrative Code.

## SEVENTEENTH DEFENSE

All relevant factors should be considered in accordance with §8-107(13)(e) and (f) and § 8-126(b) of the New York City Administrative Code.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## NINETEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches, estoppel and/or after acquired evidence of wrongdoing.

## TWENTIETH DEFENSE

Subject to proof through discovery, Plaintiff has failed to mitigate whatever damages she may have suffered, although Defendants specifically deny any such damages.

## TWENTY-FIRST DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, whatever damages she may have suffered, although Defendants specifically deny any such damages.

## TWENTY-SECOND DEFENSE

If Plaintiff has sustained any damages, (although Defendants specifically deny any such damages), such damages were as caused by others for whose conduct Defendants cannot be held legally responsible.

## TWENTY-THIRD DEFENSE

If Plaintiff has sustained any damages, (although Defendants specifically deny any such damages), such damages were solely the proximate result of the acts or omissions of persons or entities other than Defendants and at all times, these other persons or entities were acting without the consent, authorization, knowledge or ratification of Defendants with regard to any and all of the acts alleged in the Complaint.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to exercise reasonable diligence to avoid harm.

## TWENTY-FIFTH DEFENSE

At all times relevant hereto, Defendants acted in good faith and did not induce, assist, participate in, or engage in any act or omission which constitutes a violation of law, as alleged in the Complaint or otherwise.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims under the New York State Human Rights Law and New York City Human Rights Law are barred, in whole or in part, by the election of remedies doctrine.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not take any adverse employment action against Plaintiff.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to request or seek an accommodation for her alleged disability and/or Plaintiff failed to participate adequately in an interactive and reasonable accommodation process with Defendants.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, assuming Plaintiff was disabled and Defendants were aware of the disability, Plaintiff's request for an accommodation was unreasonable or imposed an undue hardship on Defendants.

### THIRTIETH DEFENSE

Plaintiff's claim are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability; Plaintiff was unable to carry out the essential functions of her employment, with or without an accommodation.

### THIRTY-FIRST DEFENSED

Plaintiff's claims are barred because, assuming Plaintiff was disabled and Defendants were aware of the disability, Defendants engaged in the interactive process with Plaintiff and made good-faith efforts to accommodate Plaintiff's alleged disability.

### THIRTY-SECOND DEFENSE

Defendants reserve the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

Dated:  May 9, 2018                              Respectfully submitted,

                                                 SEYFARTH SHAW LLP


                                                 By:  /s/ Gena Usenheimer
                                                      Gena Usenheimer, Esq.
                                                      gusenheimer@seyfarth.com


SEYFARTH SHAW LLP
620 Eighth Avenue
32nd Floor
New York, New York 10018
Telephone:      (212) 218-3507
Facsimile:      (917) 344-1212

*Attorneys for Defendants*
*Tishman Construction Corporation,*
*AECOM Technical Services, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a copy of the foregoing

Defendants' Answer and Affirmative and Other Defenses to Plaintiff's Complaint to be served

upon *pro se* Plaintiff Patricia Lorenz via ECF as well as via Federal Express, priority overnight,

postage prepaid, on this 9th day of May, 2018:

> Patricia Ann Lorenz
> 11 Lawrence Road
> Deer Park, NY 11729

> */s/ Gena Usenheimer*
> Gena Usenheimer

45841996v.2